# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 12-CR-00317 (JFB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 25 2026 ★
LONG ISLAND OFFICE

UNITED STATES,

VERSUS

ANGEL VASQUEZ,

Defendant.

**MEMORANDUM AND ORDER**
August 25, 2026

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

Angel Vasquez, proceeding *pro se*, moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and further requests that counsel be appointed to represent him.

Vasquez's conviction arose from his membership in the MS-13 street gang and his participation in the murder of Luis Castro on October 4, 2009, and the attempted murder of an unnamed victim, John Doe No. 2, on December 23, 2010. On November 17, 2016, the Court sentenced Vasquez to 228 months' imprisonment, to be followed by three years of supervised release. (ECF No. 120.)

On November 27, 2017, Vasquez filed a motion to vacate his conviction and sentence pursuant to 18 U.S.C. § 2255 (ECF No. 123), which the Court subsequently denied (ECF Nos. 148 and 149). On March 9, 2021, Vasquez filed motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), and a reduction in sentence pursuant to Section 3582(c)(2). (ECF No. 142.) On August 6, 2021, the Court denied those motions. (ECF No. 146.)

On May 28, 2024, Vaquez filed the instant motion, seeking relief under Section 3582(c)(2) on the basis of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). (ECF No. 147.) On August 15, 2025, the government filed its opposition to the motion. (ECF No. 151) Vasquez did not file a reply.

For the reasons set forth below, Vasquez's motion is denied.

## I. APPLICABLE LAW

"Generally, a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Williams*, 102 F.4th 618, 622 (2d Cir. 2024) (quoting 18 U.S.C. § 3582(c)). However, a narrow exception exists where a defendant has been

sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission, so long as the change was retroactive. *See Williams*, 102 F.4th at 622; 18 U.S.C. § 3582(c)(2). A retroactive change to the Sentencing Guidelines "'merely authorizes a reduction in sentence; it does not require one.'" *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013) (quoting *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011)). In such instances, district courts follow a two-step process for determining whether a sentence reduction is warranted.

First, a court must determine whether the defendant is eligible for a sentence reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in effect when the defendant was originally sentenced. *Dillon v. United States*, 560 U.S. 817, 827 (2010). At this step, courts must also abide by the limitations set forth in U.S.S.G. § 1B1.10. *See id.* Section 1B1.10(a)(2)(B) provides that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Moreover, a court may not reduce a defendant's sentence to a term that is less than the minimum of the amended guideline range, except where the defendant's original below-range sentence was imposed pursuant to a government motion reflecting substantial assistance. *See United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020); U.S.S.G. § 1B1.10(b)(2)(A)–(B).

Second, if the defendant is eligible for a sentence reduction, courts may choose to reduce the sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and any applicable policy statements issued by the Sentencing Commission. *Dillon*, 560 U.S. at 827; *Williams*, 102 F.4th at 623.

## II. Discussion

Vasquez argues that he is eligible for a sentence reduction based on the "retroactive criminal history amendment" to the Guidelines. (ECF No. 147, at 1.)

Amendment 821 to the Guidelines became effective on November 1, 2023, and applies retroactively. *See* U.S.S.G. § 1B1.10(d). Part A of the Amendment addresses "status points," which refer to two additional points that are added to a defendant's sentence if the defendant committed the instant federal offense while still serving a sentence in another case. More specifically, the Amendment decreases status points by one point for defendants with seven or more criminal history points and eliminates them entirely for defendants with six or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e).

The Court liberally construes Vasquez's motion as arguing that this change should affect his Guidelines calculation. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). As set forth below, the Court concludes that Vasquez is ineligible for a sentence reduction based on Amendment 821 and, in the alternative, the Court denies the motion in its discretion based on its weighing of the Section 3553(a) factors.

### A. *Section 3582(c)(2) Eligibility*

Vasquez is ineligible for a sentence reduction pursuant to Section 3582(c)(2) because Amendment 821 to the Guidelines did not affect the Guidelines range calculated at the time of his sentencing. In particular, no status points were assessed as part of Vasquez's original Guidelines calculation. As such, the Guidelines range calculated at sentencing is not affected by the Amendment.

Part A of Amendment 821 is therefore "inapplicable" to Vasquez's Section 3582(c)(2) claim. *See Poindexter v. United States*, 556 F.3d 87, 90 (2d Cir. 2009) (concluding that an amendment was "inapplicable" because it did not affect the challenged component of the defendant's Guidelines calculation); *Dillon*, 560 U.S. at 827.[1]

The Court notes that, even assuming *arguendo* that Vasquez was entitled to a two-point reduction in his criminal history score under Part A of Amendment 821, he would still be ineligible for relief under Section 3582(c)(2) because such a reduction would not lower his Guidelines range. More specifically, because Vasquez had seven criminal history points at the time of sentencing, he was in Criminal History Category IV, while his total offense level was 41. (ECF. No. 151-2 ("Sentencing Tr.") at 5–7.) With that calculation, his advisory Guidelines range was a term of imprisonment of 360 months to life, with an effective range of 240 months because of the aggregate statutory maximum. Should Vasquez's criminal history points be reduced by two, to a total of five points, he would instead be in Criminal History Category III. Under this category, his Guidelines range would continue to be 360 months to life, with the effective range of 240 months.

*B. Section 3553(a) Factors*

Even assuming *arguendo* that Vasquez is eligible for a reduction under Section 3582(c)(2), the Court denies the motion in its discretion because the Section 3553(a) factors weigh overwhelmingly against any sentence reduction. *See Dillon*, 560 U.S. at 827 (noting that, if a defendant is eligible for sentence reduction, Section 3553(a) factors are considered by the court to determine whether a reduction is warranted).

In determining Vasquez's sentence, the Court emphasized the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the crime, the history and characteristics of the defendant, and the need for general deterrence. (*See* Sentencing Tr. at 32–36.) It noted that the conduct in question was "extremely serious." (*Id.* at 32.) In particular, Vasquez was involved in a "brutal murder of an individual, a horrific murder in the way that it occurred," and the sentence must therefore be "substantial enough to reflect that Mr. Castro lost his life, and the defendant participated in that by stabbing him." (*Id.*) Regarding the incident involving John Doe No. 2, the Court explained that Vasquez "obviously aided and assisted other gang members . . . who were intent on killing rival gang members." (*Id.* at 33.) The Court also emphasized the need to deter because this type of gang activity poses "an extreme danger to the communities of Long Island," while considering the defendant's young age and apparent remorse as mitigating factors. (*Id.* at 33–35.)

The Court's analysis of the Section 3553(a) factors at the initial sentencing still applies with equal force. Although the defendant's age and remorse are mitigating factors, these factors were incorporated into the Court's analysis during sentencing. (*See id.* at 34–35.) Vasquez makes no argument as to why the Court's Section 3553(a) analysis should differ from its analysis at sentencing. In short, even if the Guidelines range were lowered and Vasquez was eligible for a sentence reduction, the Court in its discretion

[1] To the extent that Vasquez's motion could be liberally construed as arguing that Part B, Subpart 1 of Amendment 821 applies to him, that argument also lacks merit because Vasquez received seven criminal history points and is therefore ineligible for the adjustment available to certain zero-point offenders under U.S.S.G. § 4C1.1.

would deny the motion based on its balancing of the Section 3553(a) factors.

*C. Appointment of Counsel*

Vasquez's motion also included a request for appointment of counsel pursuant to 28 U.S.C. § 1915(e) and 18 U.S.C. § 3006A(a)(2)(B). (ECF No. 147 at 1.) There is no constitutional or statutory right to appointed counsel on a motion under Section 3582(c)(2), although the Court may appoint counsel when the interests of justice so require. *See United States v. Reddick*, 53 F.3d 462, 464–65 (2d Cir. 1995); *United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010) (summary order). Because Vasquez's motion presents a straightforward legal issue that can be readily resolved on the existing record and clearly has no merit, appointment of counsel is unwarranted.

Accordingly, for the reasons stated above, the Court denies Vasquez's motion for a reduction in sentence and the appointment of counsel. The Clerk of the Court shall mail a copy of this memorandum and order to the defendant.

SO ORDERED.

/s/ Joseph F. Bianco

JOSEPH F. BIANCO
United States Circuit Judge
(sitting by designation)

Dated: August 25, 2026
Central Islip, NY

* * *

Defendant is proceeding *pro se*. The United States is represented by Joseph Nocella, Jr., United States Attorney, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722, and by John J. Durham and Megan E. Farrell, Assistant United States Attorneys.